■ SYLVIA STERN, Respondent, v. GEORGE STERN, Appellant.— In an action for divorce or separtion, in which defendant counterclaimed for similar relief, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered December 16, 1971, as granted the branches of plaintiff's motion which were to strike the action from the trial calendar and for an examination of defendant before trial as to his financial circumstances, with production of certain books and records. Order reversed insofar as appealed from, without costs; said branches of plaintiff's motion denied; and case restored to its place on the trial calendar. In our opinion plaintiff's moving papers do not sufficiently demonstrate those special circumstances which would necessitate an examination before trial in this case (cf. *Plancher* v. *Plancher*, 35 A D 2d 417, 422; *Pearson* v. *Pearson*, 30 A D 2d 927; *Campbell* v. *Campbell*, 7 A D 2d 1011). The trial court can take any steps necessary to protect plaintiff's rights in the event the issue of defendant's financial situation becomes an issue at trial and there appears reason to believe that defendant is displaying a lack of frankness with respect thereto (see *Campbell* v. *Campbell*, *supra*). Latham, Shapiro and Gulotta, JJ., concur; Benjamin, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum, in which Hopkins, Acting P. J., concurs: I dissent from the majority view, which is based upon a reluctance to permit

harassment of the husband. The special and complex circumstances here, where the husband's income derives from two unrelated businesses in New York and a third in Philadelphia, are similar to those in *Krauss* v. *Krauss* (34 A D 2d 1108), in which this court affirmed, without opinion, the granting of an examination before trial. Pretrial disclosure of the husband's financial condition is appropriate here. It will permit adequate preparation for, and the expeditious conduct of, the trial itself and should be directed.